Lynette ALLGOOD, et al.
Plaintiffs–Appellants,

v.

The ELYRIA UNITED METHODIST HOME, et al., Defendants–Appellees.

No. 89–3476.

United States Court of Appeals,
Sixth Circuit.

Aug. 23, 1990.

Before GUY and BOGGS, Circuit Judges, and GADOLA *, United States District Judge.

ORDER

The court having received two petitions for rehearing en banc, and the petitions having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petitions for rehearing have been referred to the original hearing panel.

Upon consideration of the appellees' petitions for rehearing en banc, the panel believes that the petitions have merit as to one point, and should be granted to that

extent. In *Minority Employees v. Tenn. Dept. of Emp. Sec.*, 901 F.2d 1327, 1336 (6th Cir.1990) (en banc), our court held that the holding that all appellants must be named in a notice of appeal was to be applied retroactively. The notice of appeal in this case cannot be distinguished from the notice in *Minority Employees.*

Accordingly, the appellees' motions for rehearing en banc are granted to the extent that the appeal is dismissed as to all appellants except the named appellant Lynette Allgood.

In all other respects the petitions are denied.